IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILFORD LYN HOLLOWAY, ) | |
| AIS# 232321, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 3:11-cv-436-WKW |
| ) | [WO] |
| ) | |
| G.C. GILES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Wilford Lyn Holloway, ["Holloway"], a state inmate, on June 8, 2011. In this petition, Holloway challenges a conviction for enticing a minor for immoral purposes entered against him on November 4, 2003, by the Circuit Court of Randolph County, Alabama. (Doc. # 27, Ex. 1 & 8).

In accordance with the orders of this court, the respondents filed answers in which they argue that the instant habeas petition provides no basis for relief because Holloway is not "in custody" pursuant to the challenged conviction. Specifically, Holloway is currently incarcerated on a seventeen (17) year sentence imposed on him by the Circuit Court of Randolph County for first degree rape involving the rape of a victim separate from the victim

1

of his enticing a child conviction.[1]  The respondents maintain that Holloway's sentence for the enticing a child conviction expired in 2005 and he is therefore not "in custody" pursuant to that conviction.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the instant habeas petition is due to be dismissed.

## II.  DISCUSSION

The state court record regarding the 2003 enticing a minor conviction demonstrates that Holloway, with his attorney, appeared before the Circuit Court of Randolph County, Alabama on November 4, 2003, and entered a plea of guilty to this charge.  (Doc. # 27, Ex. 8 at 4.).  On the same day, Holloway also entered a plea of guilty to a charge of first degree rape.  (*Id*. at 35).  The trial court in Randolph County sentenced Holloway to seventeen (17) years imprisonment on the rape conviction and three (3) years imprisonment for the enticing a minor conviction, with the sentences to be served concurrently.  Holloway did not appeal the 2003 enticing a minor conviction and this conviction therefore became final by operation of law on December 17, 2003.[2]  The sentence imposed for this conviction expired, at the

---

[1] Holloway has pending in this court a petition for habeas corpus relief challenging this rape conviction.  *See Holloway v. Giles*, Case No. 3:11cv345-MEF (M.D. Ala.)

[2] Because Holloway did not file a direct appeal, pursuant to ALA.R.APP.P. 4(b)(1), his conviction became final 42 days after conviction and sentencing.

latest, in 2006.

"The federal habeas statute gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3) (emphasis in original); *see also* 28 U.S.C. § 2254(a)." *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Consequently, a petitioner "must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id*. at 490-91. *See also Young v. Warden, FCC Coleman*, 2013 WL 530596, *2 (11th Cir. 2013) ("To satisfy the "in custody" requirement, "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed.")

A petitioner is not in custody "when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng*, 490 U.S. at 491. *See also Diaz v. State of Fla. Fourth Judicial Circuit*, 683 F.3d 1261, 1264 (11th Cir. 2012) ("[petitioner's] state sentence had fully expired at the time he filed his § 2254 petition and therefore deprived the district court of jurisdiction to decide the petition's merits."). The jurisdictional requirement cannot be waived. *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988).

Holloway is currently incarcerated on a seventeen year sentence imposed upon him on November 4, 2003 by the Circuit Court of Randolph County, Alabama for a first degree rape conviction, and/or the sentences imposed on him for his convictions in the Circuit Court

3

of Calhoun County. Because Holloway was sentenced to three (3) years imprisonment on the enticing a minor conviction to be served concurrently with his seventeen (17) year rape sentence, it is clear that the sentence imposed for the 2003 enticing a minor conviction expired in 2006. The petitioner filed the instant habeas petition on June 8, 2011, challenging his 2003 enticing a child conviction. However, Holloway is not currently "in custody" pursuant to the 2003 enticing a child conviction, and thus, he cannot challenge a conviction for which he is not currently in custody. *Maleng*, 490 U.S. at 490-492.

In light of the foregoing, the court concludes that the petition for writ of habeas corpus filed by Holloway on June 8, 2011, is due to be dismissed for lack of subject-matter jurisdiction as Holloway is not "in custody" on the 2003 enticing a child conviction challenged in the instant petition. *Maleng,* 490 U.S. at 490; *Young*, 2013 WL 530596 at *2; *Diaz*, 683 F.3d at 1263-64; *Stacey*, 854 F.2d at 403.

Holloway argues that, as a result of this 2003 conviction, he will be required to comply with the Alabama Community Notification Act, and that requirements of that Act render him "in custody" for the purpose of habeas corpus relief. The fact that Holloway may be required to register as a sex offender under the Act does not place him "in custody" for purposes of now challenging his 2003 enticing a child conviction. Habeas corpus actions are not the appropriate vehicle to challenge registration as a sex offender.[3] *See, e.g., Virsnieks v. Smith*, 521 F.3d 707, 717-20 (7th Cir. 2008) (collecting cases and finding that Wisconsin's

---

[3] Any challenge that Holloway may have to the constitutionality of the sex offender registration requirements as applied to him is cognizable in an action pursuant to 42 U.S.C. § 1983.

sex offender registration requirements are remedial rather than punitive and therefore do not satisfy the "in custody" requirement for habeas corpus claims); *Leslie v. Randle*, 296 F.3d 518, 521-23 (6th Cir. 2002) (same finding under Ohio's sex offender registration statute and dismissing habeas petition after concluding that Ohio's statute does not place an offender "in custody" for purposes of § 2254); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (same finding under California's sex offender registration statute); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (same finding under Oregon's sex offender registration statute); *Davis v. Nassau County*, 524 F.Supp.2d 182, 187-89 (E.D. N.Y. 2007) (collecting cases and finding same under New York's and Oklahoma's sex offender registration statutes); *Hansen v. Marr*, 594 F.Supp.2d 1097, 1100-01 (D. Neb. 2009) (analyzing other circuits and holding that registration as a sex offender, and the potential for future incarceration for failure to do so, does not satisfy the "in custody" requirement for habeas relief.)  The court concludes that the restrictions of the Act do not establish perpetual custody of sex offenders for the purpose of allowing attacks on underlying sex convictions after the expiration of the sentences imposed for such convictions.

### III.  CONCLUSION

For the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief and this case be DISMISSED for lack of jurisdiction. It is further

ORDERED that the parties shall file any objections to the said Recommendation on

or before **May 6, 2013.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of April, 2013.

                                          /s/Charles S. Coody
                                          CHARLES S. COODY
                                          UNITED STATES MAGISTRATE JUDGE